**Maxime C. BARETGE et al.,**
**Plaintiffs-Appellants,**

v.

**Norman N. BARNETT et al.,**
**Defendants-Appellees.**

**No. 477, Docket 76–7406.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 7, 1977.

Decided April 14, 1977.

Reginald Leo Duff, New York City (Carro, Spanbock, Londin, Rodman & Fass, New York City, of counsel), for plaintiffs-appellants.

Jonathan S. Gaynin, New York City (Vincenti & Schickler, New York City, of counsel), for defendants-appellees Norman N. Barnett and Julienne Barnett.

Before FEINBERG, GURFEIN and MESKILL, Circuit Judges.

FEINBERG, Circuit Judge:

In a four-count complaint filed in the United States District Court for the Southern District of New York plaintiffs alleged that they were the victims of defendant Norman N. Barnett's fraudulent scheme to acquire, through the sale of securities, control of a corporate complex with plaintiffs' money. Plaintiffs claimed that after acquisition of the corporations, Barnett, aided and abetted by the other defendants, looted the corporate treasuries, and also fraudulently induced them to purchase additional securities in the corporation. Counts I, II, and IV of the complaint charged that these activities were violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.-10b–5; Count III alleged a purely state claim of corporate waste and mismanage-

ment and is pendent to the other counts.[1] Upon the motion of defendants Barnett and his wife, Judge Charles L. Brieant, Jr. dismissed the complaint for failure to state a claim under Rule 10b–5. This appeal followed.

The district judge reasoned that plaintiffs had not stated a claim under § 10(b) because defendants were not " 'sellers' of securities in violation of Rule 10b–5; nor were plaintiffs buyers thereof from defendants." As authority for dismissal of the Rule 10b–5 counts, the court cited *Blue Chip Stamps v. Manor Drugstores, Inc.,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Moreover, the court concluded that since there was no valid federal claim, there was "no basis to exercise pendent jurisdiction" over the state law claim. Plaintiffs argue that the district court erred in reading *Blue Chip* as requiring that they be purchasers of stock from defendants.

■ *Blue Chip* affirmed the "purchaser-seller" requirement of Rule 10b–5, first enunciated in *Birnbaum v. Newport Steel Corp.,* 193 F.2d 461 (2d Cir. 1952). The *Birnbaum* rule requires that a plaintiff be a "defrauded purchaser or seller" of a security in order to have standing to sue, id. at 464; the rule does not require that defendant be the seller of the stock or that plaintiff have purchased the stock from defendant. The district judge apparently resurrected the notion that in a Rule 10b–5 action, there must be "privity" between a plaintiff and a defendant. This view is now discredited. See *Blue Chip,* supra, 421 U.S. at 745, 95 S.Ct. 1917; *Shapiro v. Merrill Lynch,* 495 F.2d 228, 239 (2d Cir. 1974); *Mutual Shares Corporation v. Genesco Inc.,*

384 F.2d 540, 543–44 (2d Cir. 1967); see generally 2 A. Bromberg, Securities Law: Fraud § 8.5(511). The holding below extended the *Birnbaum* rule, which defines a plaintiff's standing to sue, to exempt from liability under Rule 10b–5 various categories of persons who fraudulently induce plaintiffs to purchase securities in a transaction with others. This holding was incorrect. See, e.g., *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath,* 540 F.2d 27 (2d Cir. 1976) (liability of accountant for misleading audit); *Shapiro v. Merrill Lynch,* supra (liability of non-trading "tipper").

■ Here, the complaint alleges an original purchase of corporate stock by the plaintiffs based on defendant Barnett's misrepresentations. In particular, plaintiffs claim that Barnett misrepresented the need for forming an intermediate holding company over which he would have total control. The complaint then alleges that Barnett fraudulently induced plaintiffs to buy additional stock in the company and finally, to purchase his own stock. Given these allegations, Counts I, II, and IV of the complaint should not have been dismissed on the basis of *Blue Chip.* The court's reason for refusing to exercise pendent jurisdiction over Count III was, therefore, also invalid.

Defendants present numerous other defenses that they claim support the court's dismissal of the complaint.[2] It may be that some of these defenses are substantial, and some appear to raise serious factual issues reaching the merits of the action. But the district court did not address any of them in its opinion below, and we therefore must remand for further proceedings. We do so

1. Counts I and II are brought by the individual plaintiffs solely against Barnett. Count III is brought by the corporate plaintiffs against all three defendants, and Count IV is brought by all plaintiffs against all defendants.

2. With respect to the Rule 10b–5 counts, defendants argue, inter alia, that they made no material misrepresentations on which plaintiffs relied, that plaintiffs' alleged injuries are not connected with the purchase of stock, that plaintiffs' claim is at best a state law claim for

corporate waste that the individual plaintiffs suffered no damage, and that plaintiffs' complaint was not sufficiently particular under Fed.R.Civ.P. 9(b). There is also a question whether the two co-defendants, Barnett's wife Julienne, and one Vi L. Messerli, may be properly charged as aiders and abettors of the Rule 10b–5 violation, and whether a general release signed by some of the plaintiffs covers this action.

without expressing any opinion on the ultimate validity of these defenses.

Reversed and remanded.