**ROONEY PACE, INC., Plaintiff,**

v.

**Thomas W. REID, Armond Zaccaria and Jerry Phillips, Defendants.**

**No. 84 Civ. 0471 (EW)**

United States District Court,
S.D. New York.

March 22, 1985.

Sage, Gray, Todd & Sims, New York City, for plaintiff; John F.X. Peloso, New York City, of counsel.

Mendes & Mount, New York City, for defendant Jerry Phillips; James A. McGuire, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Rooney Pace, Inc. ("Rooney Pace"), a brokerage house, brings this action alleging that defendants, Thomas W. Reid ("Reid"), Armond Zaccaria ("Zaccaria"), and Jerry Phillips ("Phillips"), engaged in a conspiracy to manipulate the market for securities of Threshold Technology, Inc. ("Threshold") and First City Properties, Inc. ("FCP") in violation of RICO[1] as well as sections 9 and 10b of the Securities Exchange Act of 1934.[2] The complaint alleges that, as a part of this conspiracy, each of the defendants placed orders to purchase stock through Rooney Pace, that the orders were placed with the intent not to pay for the stock or to pay only if the price rose, and that defendants subsequently refused to pay for the stock.

Defendant Phillips moves to dismiss plaintiff's claims against him pursuant to Rule 12(b), Fed.R.Civ.P. With respect to the securities law claims, Phillips contends (1) that the sole conduct attributed to him in the complaint—the purchase of 3500 shares of Threshold stock on January 10,

---

**1.** 18 U.S.C. § 1961 *et seq.* (1982).

**2.** 15 U.S.C. §§ 78i, 78j(b) (1982).

1984, and his subsequent failure to pay for the stock—does not rise to the level of a securities law violation; (2) that the complaint fails to allege fraud with particularity pursuant to Rule 9(b), Fed.R.Civ.P.; and (3) that the stock at issue is not alleged to be traded on a national securities exchange. As for the RICO claim, Phillips contends that plaintiff has neither alleged that he has been convicted of the predicate acts on which the claim is based, nor that Rooney Pace has suffered a distinct racketeering injury by reason of his conduct. If the federal claims are dismissed, Phillips argues, then the state law claims must also fail for lack of subject matter jurisdiction, improper service of process, and lack of personal jurisdiction.

Plaintiff disputes each of these contentions, arguing that it has stated viable claims under the RICO statute and the federal securities laws; that it has stated its securities claims with particularity; and that as a result of stating a federal claim, defendant's contentions with respect to the state law claims need not be reached.

## DISCUSSION

■ At the outset, it is apparent that plaintiff's RICO claim against Phillips must be dismissed. As plaintiff concedes, it has not and cannot allege that Phillips has been convicted of any of the predicate acts alleged, a necessary element of a civil RICO claim under our Court of Appeals' decision in *Sedima, S.P.R.L. v. Imrex Co.*[3] Plaintiff's attempts to distinguish *Sedima* are unavailing in light of Judge Oakes's explicit holding.

■ The Court finds, however, that plaintiff has stated a claim against Phillips under the federal securities laws. That claim is based upon a single transaction: on January 10, 1984, Phillips, a Texas resident, is alleged to have placed a purchase order for 3500 shares of Threshold stock through an account opened that day at the New York offices of Rooney Pace, an order for which he subsequently refused to pay. Pointing to the fact that there is only a single transaction alleged, Phillips contends that plaintiff has stated nothing more than a breach of contract claim.

Defendant's argument ignores the fact that although Phillips is charged with a single transaction, that transaction is claimed to be fraudulent in itself and, furthermore, part of a fraudulent conspiracy to manipulate the market for Threshold stock.[4] The complaint alleges that Phillips acted in concert with co-defendants Reid and Zaccaria in coordinating investments for the purpose of inducing others to purchase or sell, thus creating an "artificial market" for the stock. In furtherance of this alleged conspiracy, plaintiff claims that Phillips ordered the Threshold stock on January 10, 1984, not intending to pay for it unless the trading price rose; and that upon his refusal to pay, Rooney Pace liquidated his account at a loss. Similarly, plaintiff alleges that on the same day Phillips placed an order with Rooney Pace for the purchase of 3500 shares of Threshold, co-defendant Zaccaria, a New York resident with numerous brokerage accounts, also opened an account at the New York offices of Rooney Pace, ordered 10,000 shares of Threshold, and subsequently failed to pay. Co-defendant Reid, although not charged with any specific purchases of Threshold, is alleged to have provided substantial financing to the company in 1981, and as of September 1982, owned 40.4 percent of its shares. It is further alleged that defendant Reid recommended Threshold as a good but speculative investment to the Rooney Pace broker through whom he and Zaccaria placed orders for FPC and Threshold stock.

---

**3.** 741 F.2d 482 (2d Cir.1984), *cert. granted,* —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985).

**4.** Even if this were not the case "an allegation— that the defendant's contractual promises were fraudulent from the inception—clearly distinguishes the present case from an ordinary breach of contract action." *Madison Consultants v. FDIC,* 710 F.2d 57, 66 (2d Cir.1983); *see also SEC v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1097 n. 19 (2d Cir.1972); *Shemtob v. Shearson, Hammill & Co.,* 448 F.2d 442, 445 (2d Cir.1971).

■ Reading these allegations as a whole, it appears that plaintiff is claiming that Phillips and his co-defendants concertedly engaged in a "heads I win, tails you lose" scheme. If the purchase price of the stock went up by the date payment was due, the defendants would have purchased, but if the price went down, they would not. Thus, plaintiff alleges that after defendant's refusal to pay for the shares, Rooney Pace was forced to liquidate into the market, allowing defendants to purchase the same stock at a lower price and create an artificial market. Phillips allegedly participated in this scheme, albeit through a single transaction. The fact that his role in the alleged concerted scheme involved a single transaction or was less than that of the other purported co-conspirators is of no significance. The degree of Phillips's participation, if in fact he acted in concert with the others as claimed, does not exonerate him from liability. A conspirator who plays a minor role is as responsible as his co-conspirator who is the major actor.[5]

An alleged scheme to manipulate the market for a stock states a claim under both sections 9 and 10(b) of the Securities Exchange Act.[6] In *A.T. Brod & Co. v. Perlow*, the plaintiff brokerage house made claims similar to those asserted here by Rooney Pace. "Brod's complaint alleged that the Perlows placed orders ... to purchase securities listed for trading ... with the fraudulent intent of paying for the securities only if their market value had increased by the date payment was due."[7] Our Court of Appeals found that these allegations stated a claim that defendants' actions constituted a "manipulative or deceptive device or contrivance."[8]

The holding of our Court of Appeals in *A.T. Brod & Co.* applies equally here. While the allegations of the complaint respecting Phillips's involvement in the purported conspiracy are few, the issue upon a motion to dismiss is not whether plaintiff will ultimately prevail in proving Phillips's intent not to pay or his participation in the conspiracy, but whether plaintiff is entitled to offer evidence to support its allegations.[9] Drawing all inferences favorable to the pleader, as this Court must on a motion to dismiss, it cannot be said that it is "beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief."[10] Accordingly, defendant Phillips's motion to dismiss must be denied.

■ Phillips argues that even if plaintiff has stated a claim, it has not been plead with sufficient particularity to satisfy Rule

---

**5.** *See, e.g., Foreman v. Ambach,* 525 F.Supp. 722, 730 (S.D.N.Y.1981) ("A conspirator is a conspirator whether he plays a major role or a minor role in the illicit activity"); *H.L. Green Co. v. Childree,* 185 F.Supp. 95, 96 (S.D.N.Y.1960).

**6.** *See Chemetron Corp. v. Business Funds, Inc.,* 682 F.2d 1149 (5th Cir.1982), *vacated,* 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (mem.), *on remand,* 718 F.2d 725 (1983); *Crane Co. v. Westinghouse Air Brake Co.,* 419 F.2d 787 (2d Cir. 1969), *cert. denied,* 400 U.S. 822, 91 S.Ct. 41, 27 L.Ed.2d 50 (1970); *SEC v. Resch-Cassin & Co., Inc.,* 362 F.Supp. 964 (S.D.N.Y.1973). Plaintiff has alleged the elements necessary for recovery under section 9: that Phillips with the other defendants engaged in a series of transactions creating a false or misleading appearance with respect to the market for the securities for the purpose of inducing the purchase and sale of securities by others; that the defendants' actions were done "willfully;" and that the market price at which Rooney Pace sold the stock was affected by defendants' conduct. *See* 15 U.S.C. § 78i (1982).

**7.** 375 F.2d 393, 395 (2d Cir.1967).

**8.** *Id.; see Walling v. Beverly Enterprises,* 476 F.2d 393 (9th Cir.1973); *Carroll v. First National Bank of Lincolnwood,* 413 F.2d 353 (7th Cir. 1969), *cert. denied,* 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970); *see also Chemical Bank v. Arthur Andersen & Co.,* 726 F.2d 930, 944 n. 24 (2d Cir.) (noting *Brod* ), *cert. denied,* —— U.S. ——, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984).

**9.** *Grand Union Co. v. Cord Meyer Development Corp.,* 735 F.2d 714, 717 n. 1 (2d Cir.1984) (quoting *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 895 (2d Cir.1976) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974))).

**10.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted); *see Goldman v. Belden,* 754 F.2d 1059 at 1065 (2d Cir.1985).

9(b), Fed.R.Civ.P. In comparison with the complaint's factually detailed allegations as to the other defendants' participation in a conspiracy to manipulate the price of FPC stock, the allegations relating to Phillips and to Threshold securities appear minimal. Nevertheless, the Court finds that the allegations with respect to Phillips are sufficiently particular to satisfy Rule 9(b).

While Phillips contends that "no specific conduct" in furtherance of the claimed conspiracy has been alleged, particular acts have in fact been attributed to him in the complaint, i.e. that he opened an account on January 10, 1984 at the New York offices of Rooney Pace, ordered 3500 shares of Threshold stock through that account on that day, placed that order with the intent not to pay for the shares, and in fact failed to pay for the stock. These allegations "give[ ] ... defendant notice of precisely what he is charged with. No more is required by Rule 9(b)." [11]

■ Similarly, Phillips's contention that scienter has not been plead with sufficient particularity is misplaced. Rule 9(b) expressly provides that intent may be plead generally,[12] a fact that our Court of Appeals has noted recently in reversing a dismissal for failure to plead fraud with particularity.[13] Our Court of Appeals has also recognized, however, that claims of fraud may not be stated in conclusory terms. While "great specificity" is not required, some factual basis for an allegation

of scienter is necessary to satisfy the purposes of Rule 9(b).[14]

■ Plaintiff's complaint states more than a simple conclusion that Phillips acted with scienter. Supporting plaintiff's claim that Phillips ordered the Threshold shares with the intent not to pay or only if the price rose are allegations that he sought to create an appearance of active trading or induce others to purchase or sell; that, in fact, Rooney Pace liquidated the account at a loss; and that Phillips refused to pay. In addition, the complaint alleges that Phillips ordered the stock in furtherance of a conspiracy to manipulate the market, and specifies the particular purchases forming a part of that conspiracy, made not only by Phillips, but also by Zaccaria on the same day, through the same New York brokerage house, and in each case with the same subsequent failure to pay and liquidation by Rooney Pace into the market at a loss.

■ Not "every failure by a customer to pay for securities ordered adds up to a violation of the securities laws. But whether there is actionable fraud or a mere breach of contract depends on the facts and circumstances developed at the trial or on motion for summary judgment." [15] On this motion, plaintiff is not required to prove its allegations to state a claim or satisfy Rule 9(b).[16] Evidence of fraudulent intent or conspiracy must await discovery, which at the time this motion was submitted had yet to begin.[17] That is particularly true here where the alleged fraudulent conduct—

11. *Goldman v. Belden,* 754 F.2d 1059 at 1069–70 (2d Cir.1985).

12. Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

13. *Goldman v. Belden,* 754 F.2d 1059 at 1070 (2d Cir.1985).

14. *Id.* at 1070; *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 115 (2d Cir.1982); *Denny v. Barber,* 576 F.2d 465, 469 (2d Cir.1978); *Felton v. Walston & Co., Inc.,* 508 F.2d 577, 580 (2d Cir.1974); *Segal v. Gordon,* 467 F.2d 602, 607 (2d Cir.1972).

15. *A.T. Brod & Co. v. Perlow,* 375 F.2d 393, 398 (2d Cir.1967).

16. *See Goldman v. Belden,* 754 F.2d 1059 at 1070 (2d Cir.1985); *Felton v. Walston & Co., Inc.,* 508 F.2d 577, 581 (2d Cir.1974) ("It may well be that plaintiffs have no claim against [defendant] but the proper manner in which to determine whether a claim exists is to require an answer, and, if necessary, a trial of those issues"); *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974) ("a complainant is not required to plead evidence"), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

17. *See Billard v. Rockwell Int'l Corp.,* 683 F.2d 51, 57 (2d Cir.1982).

market manipulation—presumably involves clandestine activities knowledge of which would be within defendants' exclusive control.[18] There is nothing to suggest that plaintiff's claims were asserted without investigation or for their *in terrorem* effect,[19] or that they cast "irresponsible and improvident" aspersions of fraud.[20] The overall specificity of the complaint negates such characterizations. Accordingly, the Court finds that plaintiff's allegations are sufficiently particular to satisfy Rule 9(b).

■ Finally, Phillips argues that the federal securities law claims must be dismissed because plaintiff has failed to allege that Threshold was traded on a national securities exchange. While section 10(b) does not require that the stock at issue be traded in such a market, section 9 does.[21] However, plaintiff has in fact alleged that Threshold is traded on a national exchange under its claim that the defendants willfully engaged in activities "creating a false or misleading appearance of active trading in securities registered on a national securities exchange." [22]

Because the Court sustains the legal sufficiency of plaintiff's securities law claims against Phillips, it need not reach his contentions as to plaintiff's state law claims, all of which are premised on the assumption that the federal claims should be dismissed.

Accordingly, defendant Phillips's motion to dismiss, pursuant to Rule 12(b), is granted as to the RICO claims against him, and denied in all other respects.[23]

So ordered.

---

**18.** *See Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974); *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

**19.** *See Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir.1982) ("Rule 9(b) will have failed in its purpose if conclusory generalizations ... permit a plaintiff to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing or of obtaining a substantial settlement"); *Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir.1972); *Crystal v. Foy,* 562 F.Supp. 422, 424, 433 (S.D.N.Y.1983).

**20.** *DuPont v. Wyly,* 61 F.R.D. 615, 630 (D.Del. 1973) (quoting 1A Barron & Holtzoff, Federal Practice and Procedure § 302 at 225 (Wright ed. 1960)).

**21.** *See* 15 U.S.C. § 78j(b) (1982); *id.* § 78i.

**22.** Amended Complaint ¶ 66.

**23.** Phillips's motion to strike paragraph 57(h) of the complaint is deemed moot per the order of this Court of December 11, 1984 striking that allegation.