**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**U.S. ENVIRONMENTAL, INC., et al., Defendants.**

**No. 94 Civ. 6608(PKL).**

United States District Court, S.D. New York.

Feb. 9, 2000.

Richard H. Walker, New York City, for Plaintiff.

John E. Lawlor, Mineola, NY, Dominic F. Amorosa, New York City, Theresa L. Sepe, Moorestown, NJ, Miles R. Carlsen, Miles Carlsen, Santa Monica, CA, for Defendants.

Ernest Micciche, Voorhees, NJ, Pro se.

### MEMORANDUM ORDER

LEISURE, District Judge.

Plaintiff brings this action alleging violations of federal securities law. On June 18, 1996, the Court granted defendant John Romano's motion to dismiss plaintiff's third claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6). *See S.E.C. v. U.S. Envtl., Inc.,* 929 F.Supp. 168 (S.D.N.Y. 1996). On August 25, 1998, the United States Court of Appeals for the Second Circuit reversed and remanded to this Court for consideration of Romano's motion to dismiss the same claim under Fed. R.Civ.P. 9(b). *See S.E.C. v. U.S. Envtl., Inc.,* 155 F.3d 107 (2d Cir.1998), *cert. denied,* ―― U.S. ――, 119 S.Ct. 1755, 143 L.Ed.2d 787 (May 17, 1999).

Plaintiff's third claim for relief alleges market manipulation by movant in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15

U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. *See* Am.Compl. at 40.[1]

■ To state a cause of action under § 10(b) or Rule 10b–5, plaintiff must allege that defendant "(1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities." *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 308 (2d Cir.1999) (citing *S.E.C. v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1467 (2d Cir.1996)).

In vacating the Court's dismissal of this claim on Rule 12(b)(6) grounds, the Second Circuit made clear that plaintiff's complaint adequately stated a prima facie case of market manipulation against Romano. *See U.S. Envtl.*, 155 F.3d at 112. More specifically, the Second Circuit found that plaintiff's complaint properly alleged that Romano had "committed a manipulative act, by effecting the very buy and sell orders that manipulated USE's stock upward." *Id.* (internal quotes and citation omitted). The Second Circuit likewise found that "the complaint's claim that Romano recklessly participated in the manipulation also alleges sufficient scienter." *Id.* at 111. That Romano's alleged conduct

related to the purchase or sale of securities is beyond dispute. Accordingly, plaintiff has stated a prima facie manipulation case against Romano. *See generally Monarch*, 192 F.3d 295.

Defendant Romano now argues that, notwithstanding the Second Circuit's holding on Rule 12(b)(6) grounds, plaintiff's third claim must be dismissed for failure to comply with Fed.R.Civ.P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b).

■ The Second Circuit has held that Rule 9(b) applies to § 10(b) and Rule 10b–5 securities fraud claims, *see Stevelman v. Alias Research Inc.*, 174 F.3d 79, 84 (2d Cir.1999) (citing *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir.1982)), including market manipulation claims. *See, e.g., Baxter v. A.R. Baron & Co.*, 1995 WL 600720 at *6 (S.D.N.Y. Oct. 12, 1995) (Koeltl, J.) (citing *Rooney Pace, Inc. v. Reid*, 605 F.Supp. 158, 162 (S.D.N.Y.1985) (Weinfeld, J.)) Accordingly, plaintiff's third claim for relief must state the circumstances surrounding the alleged manipulation with particularity. *See* Fed.R.Civ.P. 9(b).

1. Under 17 U.S.C. § 77q(a), it is unlawful "for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—(1) to employ any device, scheme or artifice to defraud, or (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or (3) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser." 17 U.S.C. § 77q(a).

Under 15 U.S.C. § 78j(b), it is unlawful "for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . (b) To use or employ, in connection with the purchase or sale of any security-registered on a

national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 78j(b).

Under 17 C.F.R. § 240.10b–5, it is unlawful "for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b–5.

■ The law is unclear in this Circuit, however, as to how Rule 9(b) should be applied to a market manipulation claim. In the context of ordinary § 10(b) and Rule 10b–5 claims involving alleged affirmative misrepresentations, Rule 9(b) clearly requires that the complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Stevelman,* 174 F.3d at 84 (quoting *Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1175 (2d Cir. 1993)). This standard is inappropriate, however, in the context of market manipulation, as such claims do not necessarily involve affirmative misrepresentations. Accordingly, to require slavish satisfaction of these judicially-fashioned elements would make plaintiff's task impossible in many cases. Although the Second Circuit has not specifically ruled on this question, other courts in this District have fashioned a separate, relaxed pleading standard for market manipulation claims under § 10(b) and Rule 10b–5. To satisfy Rule 9(b), a market manipulation claim must specify " 'what manipulative acts were performed, which defendants performed them, when the manipulative acts were performed, and what effect the scheme had on the market for the securities at issue.' " *T.H.C., Inc. v. Fortune Petroleum Corp.,* 1999 WL 182593 at *3 (S.D.N.Y. Mar. 31, 1999) (Batts, J.) (quoting *Baxter,* 1995 WL 600720 at *6); *see also S.E.C. v. Schiffer,* 1998 WL 226101 (S.D.N.Y. May 5, 1998) (Owen, J.); *In re Blech Secs. Litig.,* 961 F.Supp. 569, 585 (S.D.N.Y.1997) (Sweet, J.). The Court finds that this standard is a proper application of Rule 9(b) to the context of market manipulation, insofar as it effects the Rule's purpose of: "provid[ing] a defendant with fair notice of a plaintiff's claim" and "safeguard[ing] a defendant's reputation from improvident charges of wrongdoing." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994).

■ Defendant also argues that Rule 9(b) requires plaintiff to plead every manipulative stock trade individually, despite plaintiff's contention that this would amount to hundreds of trades. The Court agrees with plaintiff that defendant's demand for the pleading of detailed evidentiary matter is unreasonable at this early stage, *see, e.g., Schlick v. Penn–Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir. 1974), and that such an application of Rule 9(b) ignores the Second Circuit's repeated exhortation that Rule 9(b) "must be read together with Rule 8(a), which requires only a 'short and plain statement of the claim' for relief." *Ouaknine v. MacFarlane,* 897 F.2d 75, 81 (2d Cir.1990) (quoting *DiVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d 1242, 1247 (2d Cir. 1987)). By including in its complaint detailed descriptions of a few sample trades, and by alleging more broadly that John Romano executed "wash sales" and "matched orders" of U.S.E. stock during a particular time frame, with the effect of inflating the market price of the stock during that period, plaintiff satisfies the standard outlined above, and places defendant adequately on notice of the allegations against him so that he may prepare his defense. *See* Am.Compl. ¶¶ 73–94.

In their briefs, the parties give substantial attention to the issue of scienter. While scienter is indeed a required element of a claim made under § 10(b) or Rule 10b–5, the application of Rule 9(b) is relaxed where, as here, plaintiff is required to plead defendant's state of mind. *See* Fed.R.Civ.P. 9(b); *see also, e.g., Ouaknine,* 897 F.2d at 81. In the case at bar, the Second Circuit has held that plaintiff pleaded scienter adequate to survive Romano's Rule 12(b)(6) motion on the third claim. *See U.S. Envtl.,* 155 F.3d at 112.

■ Rule 9(b) makes clear that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b); *see also, e.g., Shields,* 25 F.3d at 1128. Because a plaintiff "cannot be expected to plead a defen-

dant's actual state of mind," *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir.1987), the plaintiff is entitled to a "strong inference" of fraud, if it (a) alleges facts to show that defendant had both motive and opportunity to commit fraud, or (b) alleges facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *See, e.g., Press v. Chemical Investment Serv. Corp.*, 166 F.3d 529, 538 (2d Cir.1999); *Shields*, 25 F.3d at 1128. At the very least, the Court finds that plaintiff's complaint alleges facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness, sufficient to justify plaintiff's inference of scienter.

■ Finally, defendant Romano argues that plaintiff's complaint fails to distinguish the roles of the various defendants in the alleged stock manipulation scheme. Defendant is correct that, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio*, 822 F.2d at 1247; *see also, e.g., Lobatto v. Berney*, 1999 WL 672994 at *9–*10 (S.D.N.Y. Aug. 26, 1999); *Doehla v. Wathne Limited, Inc.*, 1999 WL 566311 at *17 (S.D.N.Y. Aug. 3, 1999). While plaintiff must satisfy Rule 9(b) as to each individual defendant, and cannot do so by making vague allegations about the defendants as a unit, the so-called "group pleading" question is not an issue in this case. The Court finds that plaintiff has adequately distinguished the roles of each participant in the alleged scheme, such that Romano can readily ascertain what part he is alleged to have played in the stock manipulation.

Accordingly, because each element of plaintiff's market manipulation claims against defendant John Romano satisfies

Rule 9(b) of the Federal Rules of Civil Procedure,[2] defendant's motion to dismiss the claim is hereby DENIED. The parties are hereby ordered to appear for a pre-trial conference on February 25, 2000, at 9:30 a.m., in Courtroom 18B, United States Courthouse, 500 Pearl Street, New York, New York.

**SO ORDERED.**

---

**2.** While the parties have not specifically addressed the Section 17(a) claim in their briefs, and the applicable case law speaks more to Section 10(b) and Rule 10b–5 claims, the Court holds that plaintiff's § 17(a) claim likewise satisfies Rule 9(b) for the reasons stated herein. As § 17(a) has no scienter requirement, *see Finkel v. Stratton Corp.*, 962 F.2d 169, 174 (2d Cir.1992), plaintiff's carries a lesser burden on this claim.