Michael T. MINOTTI

v.

Amy WHEATON, Acting Commissioner
of Department of Mental Retardation.

Civ. No. H–85–161 (PCD).

United States District Court,
D. Connecticut.

March 13, 1986.

Michael T. Minotti, pro se.

Jane S. School, Asst. Atty. Gen., W. Philip Jones, Asst. U.S. Atty., Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

In August 1983, plaintiff was appointed Mental Retardation Facility Unit Co-ordinator at Bennet Hall Intermediate Care Facility at Mansfield Training School. Bennet Hall is a federally funded facility certified as an intermediate care facility for the mentally retarded under Title XIX of the Social Security Act, 42 U.S.C. § 1396d. Defendant is Acting Commissioner of the Connecticut Department of Mental Retardation. She is responsible for the administration and operation of all community and residential facilities operated by the state for mentally retarded individuals in Connecticut, including Bennet Hall.

Plaintiff, acting *pro se*, alleges that defendant's employees attempted, through coercion, bribery and orders, to involve him in a conspiracy to defraud the United States government by means of false claims for federal funding under Title XIX of the Social Security Act. When he refused to cooperate, defendant's employees allegedly conspired to terminate his employment, in violation of his rights pursuant to the first and fourteenth amendments to the Constitution and 42 U.S.C. §§ 1983, 1985 and 1986. Plaintiff also seeks to recover for the United States government funds paid on false claims for reimbursement pursuant to 31 U.S.C. § 3730.

Defendant moves to dismiss the complaint on four grounds: (1) plaintiff's action against her in her official capacity is barred by the eleventh amendment; (2) the court lacks jurisdiction under 31 U.S.C. § 3730 because the claim was not brought in conformity with statutory requirements; (3) the complaint fails to allege fraud with specificity as required by Fed.R.Civ.P. 9(b); and (4) plaintiff's civil rights claims fail to state a cause of action against this particular defendant.

For the reasons stated below, defendant's motion is denied in part and granted in part.

I. *Eleventh Amendment Immunity Claim*

The eleventh amendment provides: "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state...." Immunity also obtains for a state sued by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1880).

However, a state may waive its immunity and consent to be sued in federal court. *See Atascadero State Hosp. v. Scanlon*, —— U.S. ——, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Waiver will be inferred "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974), quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909).

Plaintiff argues that Conn.Gen.Stat. § 19a–24 (Supp.1985) evinces an intention to waive immunity in a civil action against the Commissioner of the Department of Mental Retardation. The statute reads, in relevant part:

Any civil action for damages on account of any official act or omission of the commissioner of health services or the commissioner of mental retardation, or any member of their staffs ... or any superintendent, employee or staff member of any ... state training school or regional center shall be brought against the commissioners in their official capacities.... Damages recovered in such action shall be a proper charge against the general fund of the state....

Conn.Gen.Stat. § 19a–24(a) (Supp.1985). In *Duguay v. Hopkins*, 191 Conn. 222, 464 A.2d 45 (1983), the Connecticut Supreme Court held that § 19a–24 constituted a waiver of immunity to be sued. While that case involved a suit in state court, extending its holding to cases in federal court comports with the Connecticut Supreme Court's conclusion in *Duguay* that the language of the statute and its legislative history require a liberal construction of the waiver of immunity. There is no state policy against such a waiver, and there are no procedural requirements or restrictions in § 19a–24 indicative of a legislative intent to waive immunity only in state court. *See Marrapese v. Rhode Island*, 500 F.Supp. 1207 (D.R.I.1980).

The eleventh amendment poses no bar to this action,[1] and the motion to dismiss on that ground is denied.

## II. *Jurisdiction Pursuant to 31 U.S.C. § 3730*

Jurisdiction of plaintiff's claim to recover, on behalf of the United States, Title XIX funds allegedly paid to defendant on false claims is premised on 31 U.S.C. § 3730, the federal False Claims Act, which reads, in relevant part:

(b)(1) A person may bring a civil action for a violation of section 3729 of this title for the person and for the United States Government. The action shall be brought in the name of the Government. The district courts of the United States have jurisdiction of the action. Trial is in the judicial district within whose jurisdictional limits the person charged with a violation is found or the violation occurs. An action may be dismissed only if the court and the Attorney General give written consent and their reasons for consenting. (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government under rule 4 of the Federal Rules of Civil Procedure (28 App.U.S.C.). The Government may proceed with the action by entering an appearance by the 60th day after being notified.... (4) Unless the Government proceeds with the action, the court shall dismiss an action brought by the person on discovering the action is based on evidence or information the Government had when the action was brought.

Defendant asserts that plaintiff failed to satisfy three of the statute's jurisdictional elements in that plaintiff: (1) failed to bring suit in the Government's name; (2) did not properly serve notice upon the government; and (3) has not shown that his action is based on evidence or information not already in the government's possession.

▮ (1) Plaintiff should have named the federal government as a co-plaintiff, but failure to comply with technical pleading requirements is not always fatal to a claim. "[A] defective caption [wherein the United States was not named as required] does not deprive the court of its power to look beyond the caption [of the case] in order to determine jurisdiction." *Tyrolf v. VA*, 82 F.R.D. 372, 374 (E.D.La.1979). Looking beyond the caption, the court found that the

---

**1.** This case is different from those relied on by defendant which involve state tax issues. Courts have been understandably reluctant to find federal waiver of immunity where to do so would cause unwarranted intrusion by the federal courts into local planning. *See, e.g., Ford*

*Motor Co. v. Department of the Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Great Northern Ins. Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Kennicott Copper Corp. v. State Tax Commission*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946).

complaint gave adequate notice that relief was sought against the United States.[2]

Unlike *Tyrolf*, which involved adding the government as a defendant, plaintiff here needs only to add the government as a co-plaintiff. Inasmuch as plaintiff correctly identified the United States as the real party in interest in its complaint and arguably provided adequate notice to the government of its claim against it, plaintiff's claim under 31 U.S.C. § 3730 will not be dismissed provided within ten (10) days hereof he amends his complaint to name the United States as a co-plaintiff.

■ (2) Plaintiff is also required to serve the government pursuant to Fed.R.Civ.P. 4, although notice is mandatory, *United States ex rel. Sacks v. Philadelphia Health Management Corp.*, 519 F.Supp. 818, 822 (E.D.Pa.1981), it is not clear how long plaintiff has to comply with the notice requirement. The original complaint was filed in February 1985. The requisite service was accomplished, according to plaintiff, well within a year of filing the original complaint. Although two years is too long to fulfill the notice requirement of 31 U.S.C. § 3730, *Philadelphia Management Corp.*, 519 F.Supp. at 822, in the instant case the notice cannot be said to be untimely and the motion to dismiss for failure of timely notice is denied. Less strict compliance with a notice requirement is appropriate when the notice pertains to a suit for the benefit of the party entitled to notice.

■ (3) The statute requires that an action be dismissed when based on evidence or information already in the government's possession. Defendant asserts that plaintiff "makes little, if any, substantive allegations regarding the information on which he bases his claim ... [let] alone any claim that such information is not based on evidence or information not already in the possession of the government." Defendant's Memorandum at 17. However, it is not plaintiff's burden to establish that the government did not have the evidence or information upon which the suit is based. *Cf. United States v. Rippetoe*, 178 F.2d 735 (4th Cir.1949) (construing the predecessor statute to 31 U.S.C. § 3730 which contained only slightly different wording). As the record does not positively demonstrate that plaintiff's claim derives from circumstances actually and previously known to the government, the motion to dismiss on that ground is denied.

III. *Federal Rule of Civil Procedure 9(b)*

■ Defendant argues that plaintiff has not alleged his claim with sufficient particularity to satisfy Fed.R.Civ.P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." However, Rule 9(b) must be read in conjunction with Rule 8, which states that pleadings should contain a "short and plain statement of the claim or defense" and that each averment should be "simple, concise and direct." Furthermore, "[t]he rules of civil procedure are not to be strictly construed, and 'a litigant ought not be denied his day in court merely on the ground that his complaint is inartfully drawn.'" *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1386 (D.C. Cir.1981), *cert. denied*, 455 U.S. 999, 102 S.Ct. 1630, 71 L.Ed.2d 865 (1982), quoting *Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir.1970). This admonition applies with special force for *pro se* litigants. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Plaintiff has failed to plead fraud with the requisite particularity. However, rather than dismiss the complaint entirely, the better practice is to allow plaintiff to amend it. *See Yoder v. Orthomolecular Nutrition Institute*, 751 F.2d 555, 562 n. 6

---

**2.** *See also* 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1322 (1969):
> If the body of the complaint correctly identifies the party or the proper person actually has been served with process, courts generally will allow an amendment under Rule 15 to correct technical defects in the caption. This seems appropriate inasmuch as a defective caption or even its complete absence is merely a formal error and should never be viewed as a fatal defect.

(2d Cir.1984) (leave to amend "almost always" granted, citing 2A J. Moore & Lucas, *Moore's Federal Practice* ¶ 9.03 (2d ed. 1984)); *Pross v. Katz*, 784 F.2d 455 (2d Cir.1986).

Accordingly, defendant's motion to dismiss will be granted unless plaintiff, within fifteen (15) days hereof, amends the complaint to allege more particularly *the facts and circumstances* which form the basis of his claim of fraud under 31 U.S.C. § 3730. Plaintiff is cautioned that mere conclusory allegations will not be deemed to suffice.

### IV. *Claims under 42 U.S.C. §§ 1983, 1985 and 1986*

Plaintiff alleges that employees of defendant attempted to bribe and coerce him to defraud the government and conspired to terminate his employment, in violation of 42 U.S.C. §§ 1983,[3] 1985 [4] and 1986.[5]

 Accepting plaintiff's allegations as true, they state a cause of action against defendant's employees—not defendant. Nowhere does plaintiff allege that defendant participated in the activities which led to the alleged deprivation of his rights, or

that defendant conspired with others to deprive him of his rights, or that defendant directed the employees to act as they did, or that defendant even had knowledge of the employees' activities. The failure to allege actionable conduct on the part of defendant fails to satisfy the requirement in civil rights actions that pleadings contain specific and sufficient allegations of facts and not mere conclusory allegations. *See Powell v. Workmen's Compensation Bd.*, 327 F.2d 131 (2d Cir.1964); *Smith v. Ambrogio*, 456 F.Supp. 1130 (D.Conn.1978). Nor is defendant liable under the doctrine of *respondeat superior*, i.e., for conduct of others. *See Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir.1977).

Accordingly, the motion to dismiss the civil rights claims is granted.

*Summary*

1. The eleventh amendment is not a bar to an action in federal court against the Commissioner of the Department of Mental Retardation.

2. Defendant's motion to dismiss plaintiff's claim for failure to comply with the

---

**3:** 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**4.** 42 U.S.C. § 1985, provides in pertinent part:

(3) If two or more persons ... conspire ..., for the purpose of depriving, either directly or indirectly, any person ... of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons en-

gaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is ... deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

**5.** 42 U.S.C. § 1986 provides in pertinent part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; .... But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

statutory requirements of 31 U.S.C. § 3730 is denied.

3. Defendant's motion to dismiss plaintiff's claim for failure to comply with Fed. R.Civ.P. 9(b) is granted unless plaintiff amends his complaint in accordance herewith within fifteen (15) days hereof.

4. Defendant's motion to dismiss plaintiff's claims under 42 U.S.C. §§ 1983, 1985 and 1986 is granted.

SO ORDERED.