William R. HARRIS, et al.,

v.

Edwin E. WELLS, et al.

Edwin E. WELLS, Jr., et al.,

v.

William R. HARRIS, et al.

Civ. Nos. B–89–391(WWE),
B–89–482(WWE).

United States District Court,
D. Connecticut.

Jan. 24, 1991.

James F. Stapleton, Thomas D. Goldberg, Day, Berry & Howard, Stamford, Conn., for plaintiffs.

Robert N. Chatigny, Hartford, Conn., for Harry E. Peden III.

Mark Stern, Stern & Miller, Westport, Conn., Richard B. Friedman, Lawrence M. Harnett, Marks, Murase & White, New York City, pro hac vice, for Allen J. Lee.

Mary E. Schifferli, Richard F. Lawler, Eugene J. Riccio, Kari A. Pedersen, Whitman & Ransom, Greenwich, Conn., for AroChem Intern. Inc. and AroChem Corp.

David P. Atkins, Frank J. Silvestri, Jr., Zeldes, Needle & Cooper, P.C., Bridgeport, Conn., Richard D. Weinberg, Andrew J. Levander, Adam Rowland, Shereff, Friedman, Hoffman & Goodman, New York City, pro hac vice, for William R. Harris, V.J. Dispenza, Joseph Sheperd.

RULING ON DEFENDANTS PEDEN AND MEISTER'S MOTION TO DISMISS THE ELEVENTH COUNT OF THE AMENDED COMPLAINT

EGINTON, District Judge.

These consolidated cases involve disputes among individual directors, shareholders and officers of AroChem International, Inc. and AroChem Corporation (collectively "AroChem"). AroChem owns, leases, and operates certain refining and petrochemical processing facilities in Penuelas, Puerto Rico. Edwin R. Wells ("Wells") is a shareholder and one of six members of the AroChem Board of Directors. William R. Harris ("Harris") is an AroChem shareholder and Director and is president and chief executive officer. Members of the Victory Group[1] are Directors and together they are a shareholder and creditor of AroChem.

1. The group includes Victory Oil Company, Victory Holding Company, Crail Fund, Robert

Under the terms of the Stockholder Agreement dated December 21, 1987, Harris could personally select three of AroChem's six Directors. Harris selected Harry R. Peden, III ("Peden") to serve as a Director, corporate Secretary, and corporate counsel of each of the AroChem companies. According to Wells, Peden has also acted as Harris' personal legal counsel. Harris also selected Robert Meister ("Meister") to be a member of the AroChem Board of Directors. The Wells Group[2] alleges that both Peden's law firm and the insurance company which employs Meister have received hundreds of thousands of dollars in fees and other renumeration from AroChem, primarily at the direction of Harris.

The Wells Group's Amended Complaint alleges a two-year pattern of fraudulent activity by Harris, Meister, Peden and others beginning in December 1987 when Harris fraudulently induced the Allen Group[3] to invest in AroChem. The Wells Group alleges that since that time, Harris and other persons in management (a) have made material misrepresentations to commercial banks, investors and others in connection with the initial AroChem agreements; (b) disseminated false and materially misleading financial and other information; and (c) willfully destroyed corporate records and other documents. As against defendants Meister and Peden, the Amended complaint alleges that these two defendants breached their fiduciary duties to AroChem (Count Nine) and committed RICO violations (Count Eleven). Defendants Peden and Meister have moved to dismiss the eleventh count of the amended complaint claiming that this count fails to state a claim upon which relief can be granted. For the reasons set forth below, defendants Peden and Meister's motion to dismiss the eleventh count of the amended complaint will be denied.

## DISCUSSION

In considering a motion to dismiss, all factual allegations in the complaint must be accepted as true and all inferences to be drawn from those allegations must be drawn in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Corcoran v. American Plan Corp.,* 886 F.2d 16, 17 (2d Cir.1989). Dismissal is not warranted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Patton v. Dole,* 806 F.2d 24, 30 (2d Cir.1986). "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

Thus, the question for this Court to decide is "whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims." *De La Cruz,* 582 F.2d at 48.

 In support of their motion to dismiss, defendants Peden and Meister assert first that the eleventh count lumps all the AroChem directors together and, in doing so fails to give each defendant fair notice of the nature and factual basis of the charges against him as required by Fed.R. Civ.P. 9(b). This assertion, however, is contradicted by the detailed allegations contained in the amended complaint. Generally, a complaint need only apprise a defendant of the "general time period" of any alleged misstatements to meet the requirements of Rule 9(b). *International Paper*

---

Johnson, Eric C. Johnson, and S.L. Hutchison (collectively "Victory"). Eric C. Johnson and S.L. Hutchison are Directors of AroChem. Victory is a shareholder and creditor of AroChem.

**2.** The Wells Group includes Edwin E. Wells, Jr., Stetson Capital Corporation, and Stetson Petroleum and Petrochemical Ventures, Inc.

**3.** The Allen Group included Allen & Company, Inc., Allen Petroleum and Petrochemical Ventures, Inc. (the predecessor corporation to Stetson Petroleum and Petrochemical Ventures, Inc.) Wells, Stetson Capital Corporation, and Victory.

Co. v. James, 1989 WL 240079, 1989 U.S. Dist. Lexis 11977, at 10 (Civ. No. 81–4780 (LBS), S.D.N.Y. October 12, 1989). Indeed, dates, times and places need not be pleaded with absolute precision, so long as the allegations sufficiently put the defendant on notice as to the circumstances of the charged misrepresentations. See Jubran v. Musikahn Corp., 673 F.Supp. 108, 112 (E.D.N.Y.1987). The fraud allegations contained in the amended complaint provide an abundance of particularized factual details including dates, times, places and names. These allegations are clearly specific enough to permit Peden and Meister a "reasonable opportunity" to answer. Ross v. A.H. Robins Co., 607 F.2d 545, 557–58 (2d Cir.1979), cert. denied, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

■ Defendants also assert that the amended complaint fails to allege which prong of the mail and wire statutes were allegedly violated. The amended complaint alleges that Peden and Meister engaged in a scheme to defraud and injure AroChem; assisted Harris in misappropriating AroChem assets; caused AroChem to breach representations and covenants to lenders and others and be in default under the terms of financing agreements; and concealed their allegedly improper activities and assisted Harris in concealing his. The amended complaint alleges that these acts resulted in damages to AroChem which exceed $50 million. In support of these allegations, the amended complaint sets forth specific factual allegations. For example, paragraphs 94–97 allege mail and wire fraud in connection with the mailing and telecopying of materially false and misleading financial statements. These allegations spell out in sufficient detail the violations of the statutes such that it is not unfair to require defendants Peden and Meister to proceed.

■ Defendants Peden and Meister further allege that the amended complaint fails to plead with particularity at least two predicate acts of mail or wire fraud by each defendant. However, the Court finds that the governing standards for pleading mail and wire fraud under RICO are satisfied by the detailed allegations contained in the amended complaint. See, e.g., Amended Complaint Paragraphs 132, 139, 142, 143, 144, 149, 152); Gruber v. Prudential–Bache Sec., Inc., 679 F.Supp. 165, 174 (D.Conn.1987).

■ Defendants also argue that the RICO allegations are defective because they allege facts on "information and belief". However, this assertion ignores that the proscription on advancing allegations on information and belief is aimed at allegations concerning the circumstances of fraud and not at every other allegation of the complaint. See GLM Corp. v. Klein, 684 F.Supp. 1242, 1247 (S.D.N.Y.1988). The particularity requirement of Rule 9(b) applies only to the pleading of the underlying predicate acts alleging fraudulent conduct; as to all other allegations, the pleading requirements of Fed.R.Civ.P. 8 apply. See Towers Financial Corp. v. Solomon, 126 F.R.D. 531, 536 (N.D.Ill.1989). Several of the paragraphs of the amended complaint allege predicate acts and are not pleaded on information and belief. Similarly, the amended complaint provides a detailed factual basis for the allegations that Peden and Meister aided and abetted fraud allegedly perpetrated by Harris and others. See Andreo v. Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, 660 F.Supp. 1362, 1372 (D.Conn.1987).

■ Finally, defendants Peden and Meister allege that the amended complaint fails to adequately plead a "pattern" of racketeering activity. A pattern of racketeering activity requires allegations of at least two predicate acts "that are related and that amount to, or threaten the likelihood of, continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2893, 2899, 106 L.Ed.2d 195 (1989). Predicate acts are "related" if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events. Id. 109 S.Ct. at 2901. See also United States v. Indelicato, 865 F.2d 1370, 1382 (2d Cir.) (en banc), cert. denied, —— U.S. ——, 110 S.Ct.

56, 107 L.Ed.2d 24 (1989). "Continuity" means that "separate events occur over time and perhaps threaten to recur ..." *Procter & Gamble Co. v. Big Apple Indus. Bldgs. Inc.*, 879 F.2d 10, 17 (2d Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990).

The amended complaint alleges a pattern of fraudulent conduct beginning December 1987 and continuing over time, involving multiple, repeated acts of securities fraud, mail fraud and wire fraud. The Wells Group has alleged that Peden and Meister's conduct at each of the telephonic AroChem Board of Directors' meetings in April, July, August, September and December 1989 and January, May and July 1990 constitute predicate acts. In addition, as noted previously, the amended complaint alleges, *inter alia,* that Peden and Meister engaged in mail fraud in connection with the mailing and telecopying of materially false and misleading financial statements. Assuming these allegations to be true for the purpose of deciding this motion, the Court finds that the amended complaint sufficiently alleges at least two predicate acts that were related as that has been defined by the Second Circuit and that, if true, amounted to or threatened the likelihood of continued criminal activity.

## CONCLUSION

For the reasons set forth above, defendants Peden and Meister's Motion to Dismiss the Eleventh Count of the Amended Complaint is DENIED.