Debra M. YOUNG, Plaintiff,

v.

J. David MORRISSEY, et al., Defendant.

No. Civ. 2:92–CV–810(AHN).

United States District Court, D. Connecticut.

June 29, 1993.

Debra Young, pro se.

NEVAS, District Judge.

After review and absent objection, the Magistrate Judge's Recommended Ruling is approved, adopted and ratified. SO ORDERED.

### MAGISTRATE JUDGE'S OPINION

SMITH, United States Magistrate Judge.

Plaintiff Debra Young ("Young"), appearing pro se, brought this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Pending is Defendant J. David Morrissey's ("Morrissey") motion to dismiss the Complaint for failure to allege fraud with sufficient particularity (Filing 18); F.R.Civ.P. 9(b).[1] For the reasons discussed below, Defendant's motion should be denied.

The gravamen of Plaintiff's Complaint is that Defendants fraudulently obtained various mortgages in derogation of demand promissory notes executed by Defendants Anthony Gaunichaux ("Gaunichaux") and David Roane ("Roane") used to finance the purchase of real estate from Plaintiff. Morrissey acted as attorney and agent for his codefendants in each of these transactions.

■ In support of his motion, Defendant contends that Plaintiff has failed to specify the statutes allegedly violated, as required by the RICO Case Order (Filing 12); provide the time, place, and content of alleged misrepresentations; detail the manner in which Morrissey used the mails or engaged in interstate activity; differentiate his actions from those of his codefendants; and adequately allege causation between his conduct and Ms. Young's claimed injury.[2]

■ Plaintiff's Complaint complies with the requirements of the RICO Case Order in that it alleges Defendants unlawful conduct violated 18 U.S.C. section 1962, subsections (a) through (d). Nothing in either paragraph

1 of the Case Order or 18 U.S.C. section 1961 prevents Plaintiff from proceeding under all four branches of the RICO statute.

The detailed factual allegations in the sixty-two paragraph complaint are also sufficient to support a claim of fraud.

[Although] "fraud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentation[,]" *DiVittorio v. Equidyne Extractive Indus., Inc.,* 822 F.2d 1242, 1247 (2d Cir.1987) ... Rule 9(b) does not require a plaintiff to set forth a complete history of every transaction.

*Federal Paper Bd. Co. v. Amata,* 693 F.Supp. 1376, 1391 n. 24 (D.Conn.1988). The particular allegations concerning Morrissey's involvement in the procurement of the Conn and Conn mortgage, to cite one example, are clearly sufficient to "put the Defendant on notice as to the circumstances of the charged representations," *Harris v. Wells,* 757 F.Supp. 171, 174 (D.Conn.1991), and are specific enough to permit Morrissey a "reasonable opportunity" to respond. *See Harris, id., quoting Ross v. A.H. Robins Co.,* 607 F.2d 545, 557–58 (2d Cir.1979), *cert. denied,* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980).

To the extent that Plaintiff's claim is also predicated on mail or wire fraud, the present Complaint supports an inference of facts that would satisfy the requirements of the mail and wire fraud statutes. *See Federal Paper,* 693 F.Supp. at 1392; *Celpaco, Inc. v. MD Papierfabriken,* 686 F.Supp. 983, 989 & n. 7 (D.Conn.1988). In paragraph 31, for example, Plaintiff alleges that on April 17, 1989, Morrissey notified his codefendants by mail of the disbursement of the Conn and Conn mortgage proceeds, which furthered Defendants' scheme to defraud Ms. Young. *See also* Complaint ¶¶ 56–57 (alleging use of mail

---

1. Rule 9(b) provides that

   In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

   F.R.Civ.P. 9(b); *see also Rocco v. PaineWebber, Inc.,* 739 F.Supp. 83, 84 (D.Conn.1990).

2. In determining the adequacy of Plaintiff's allegations, it should be borne in mind that pro se litigants are held to less stringent standards than those governing attorneys. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir.1989).

by Defendants' "shell" enterprise T & D Concepts, Incorporated).

The Complaint, however, reveals only the haziest outline concerning the interstate effect of Defendants' enterprise. *See* 18 U.S.C. § 1962(a); Complaint, ¶ 57. Defendant Morrissey's relationship to T & D Concepts, and in turn the allegations relating to interstate activities, are limited to those contained in paragraph 54, which states that "each defendant was the agent of each of the remaining defendants, and was ... acting within the course and scope of the agency relationship." *Id.*, ¶ 54.

With respect to Defendants' interstate activity, the allegations are somewhat less particularized than required by Rule 9(b). Rather than dismissing the Complaint in its entirety, however, the better approach clearly would be to permit amendment. *Minotti v. Wheaton*, 630 F.Supp. 280 (D.Conn.1986); *Federal Paper*, 693 F.Supp. at 1392. Plaintiff may also wish to supplement the specific instances of fraudulent conduct presently set forth in the complaint with the additional material contained in her Case Statement (Filing 14), and any other details obtained through discovery.

Defendant's motion should therefore be denied, and amendment of the Complaint permitted within thirty (30) days of the filing of this opinion.

Defendant may seek review by an Article III judge as contemplated by statute and the Local Rules for United States Magistrate Judges, keeping in mind that failure to do so may preclude later review.

Dated at Hartford, Connecticut, this 28th day of April, 1993.

