**Lewis A. Cheever v. Wallace E. Albro and Alice M. Albro and Cheever Tire Service, Inc.**

[421 A.2d 1287]

No. 301-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

Motion for Reargument Denied September 24, 1980.

*Robert Grussing, III*, and *Timothy J. O'Connor, Jr.*, Brattleboro, for Plaintiff.

*Divoll & Doores, P.C.*, Bellows Falls, for Defendants.

**Billings, J.** This cause arises out of two contracts through which the plaintiff-appellant sold the defendant corporation to the defendants Albro, and the defendant corporation employed the plaintiff as a consultant and salesman for a period of time thereafter. Plaintiff complained that the defendants breached the contract of employment by failing to pay him his full salary and commissions on gross sales due him and by failing to transfer to him, at the termination of the contract, a 1976 Ford LTD automobile or its cash equivalent. The defendants counterclaimed that the plaintiff breached the contract of purchase and sale by representing that the books and records of the corporation were complete, while failing to disclose liability on a note endorsed by the corporation, certain delayed billings and other accounts payable for which the defendants were forced to pay.

After a trial by court in which detailed findings of fact were made, a judgment was entered for the plaintiff in the amounts of $1,670.00 for salary due, $3,200.86 for commissions due, and $4,350.00 for the Ford automobile, equalling a total of $9,220.86. In addition, the trial court entered a judgment of $8,963.39 for the defendants on the counterclaim, so that the plaintiff recovered a net judgment of $257.47.

The plaintiff has appealed claiming that the court erred in failing to enter a judgment on the automobile in the amount of $7,304.00, the full value of the 1976 Ford automobile, rather than the cost differential between the full value and the trade-in allowance of $2,950.00 for a 1973 Ford automobile then owned by the defendant corporation. Plaintiff also claims that the court erred in granting the defendants judgment on the counterclaim inasmuch as it sounds in fraud, a cause of action

not specifically pled as required by V.R.C.P. 9(b), and because there was no basis in the evidence for findings of fraud.

The pertinent part of the employment contract relative to the automobile is as follows:

> (e) During the period of his employment, from the date of closing through December 31, 1975, the Corporation shall furnish Cheever with a company automobile as follows: Cheever shall continue to have the full use of the 1973 Ford model "LTD" presently owned by the Corporation and used by him until such time as the 1976 model automobiles are available, at which time the Corporation shall, at its own expense, trade the present 1973 model in for a 1976 model Ford "LTD" which shall be made available to Cheever for the balance of the term of his employment. The Corporation shall bear all the expense of maintaining said automobile including, but not limited to, the cost of registration, insurance, maintenance, repairs, gasoline and oil during the term of Cheever's employment. At the end of said term, on December 31, 1975, or upon the date of the termination of Cheever's employment should such employment be terminated prior to December 31, 1975, the Corporation shall transfer title to said 1973 model or 1976 model Ford "LTD" as the case may be to Cheever, and the same shall become the property of Cheever.

The provisions of a contract if clear and unambiguous must be given force and effect and be taken in their plain, ordinary and popular sense. *State* v. *Glens Falls Insurance Co.*, 137 Vt. 313, 319, 404 A.2d 101, 105 (1979). The plaintiff was entitled to a new 1976 Ford LTD if available at the termination of the employment contract, and when the contract was terminated on November 16, 1975, the 1976 model was available at a price of $7,304.00. The defendants were to have provided plaintiff with the new car by trading in the 1973 Ford owned by the defendant corporation, but used by the plaintiff during his employment. The plaintiff returned the 1973 Ford, which at that time had a trade-in allowance of $2,950.00, so that the defendants' cost differential on trade-in was $4,350.00. The defendants, however, failed to provide plaintiff with a new car, and eventually sold the 1973 Ford and retained the pro-

ceeds. The trial court found that the plaintiff requested a cash settlement in lieu of the 1976 Ford, since plaintiff wished to acquire another type of car. Although the defendants indicated that they would pay the difference to plaintiff, or what in effect was to be their cash outlay, they refused to pay the plaintiff the full value of the new car. By the specific wording of the contract, plaintiff was entitled to the new car. Since the contract does not provide for any set-off either explicitly or implicitly, the trial court erred in not awarding the plaintiff the full value of the 1976 Ford.

■■ The plaintiff also claims that the trial court erred in granting defendants judgment on the counterclaim. The defendants did not specifically denominate allegations of fraud as such in their complaint. V.R.C.P. 9(b) requires that allegations of fraud be "stated with particularity." This requires only that all of the elements be specifically pled, not that fraud be alleged by name. See *Standard Packaging Corp.* v. *Julian Goodrich Architects, Inc.*, 136 Vt. 376, 381, 392 A.2d 402, 405–06 (1978). The counterclaim alleges that the plaintiff made no representations or promises relative to the business of the corporation in the contract of sale, but that the defendants Albro represented that none were made, "except as set forth . . . in the books of account or other financial records of the corporation or in the balance sheet and income statement." The defendants further allege certain notes previously endorsed by the defendant corporation, certain delayed billings and bills payable, all known to the plaintiff, but not the defendants Albro, were not included in the books and records shown to and relied upon by the defendants to their detriment. These allegations of particular facts cover the necessary elements of an action for fraud, see *Standard Packaging Corp.* v. *Julian Goodrich Architects, Inc., supra,* and therefore, were sufficient to put the plaintiff on notice of the claims of the defendants, *Condosta* v. *Condosta,* 136 Vt. 360, 364, 395 A.2d 345, 348 (1978).

■■ Plaintiff also claims that the evidence on the counterclaim was insufficient as a matter of law for the trial court to find fraud. Fraud cannot be presumed, and it must be established by the one alleging it. *Currier* v. *Letourneau,* 135 Vt. 196, 201, 373 A.2d 521, 525 (1977) ; *Lyndonville Savings Bank*

*& Trust Co.* v. *Peerless Insurance Co.,* 126 Vt. 436, 440, 234 A.2d 340, 343 (1967). Silence alone is insufficient to constitute fraud unless there is a duty to speak. *Standard Packaging Corp.* v. *Julian Goodrich Architects, Inc., supra.*

The rule set forth in *Newell Brothers* v. *Hanson,* 97 Vt. 297, 303–04, 123 A. 208, 210 (1924), is as follows:

> Where persons are dealing "at arms length," as where the facts are equally within the means of knowledge of both, neither is required to speak, in the absence of inquiry respecting such matters. But fraud may be committed by the suppression of truth as well as by the suggestion of falsehood. The test of liability for failure to disclose facts material to the transaction is some duty, legal or equitable, arising from the relations of the parties, such as that of trust or confidence, or superior knowledge or means of knowledge. When in the circumstances of the particular case such duty is present, failure to disclose a material fact with intention to mislead or defraud is equivalent to a fraudulent concealment of the fact and stands no better than the affirmation of a material misrepresentation.

The duty to disclose in the instant case is not predicated on trust or confidence as in *Town of Troy* v. *American Fidelity Co.,* 120 Vt. 410, 423, 143 A.2d 469, 477 (1958); *Griffin* v. *Griffin,* 125 Vt. 425, 437, 217 A.2d 400, 414 (1965); and *Peck* v. *City Trust Co.,* 104 Vt. 20, 25, 156 A. 403, 405 (1931). It is hinged upon the superior knowledge and means of knowledge of the plaintiff, see e.g., *Moncion* v. *Bertrand,* 98 Vt. 332, 127 A. 371 (1925), together with the language of the contract which reads as follows:

> 13. *Representations of Albro.* Albro represents to Cheever and Loring, as follows:
>
> . . . .
>
> (c) That neither Cheever nor Mrs. Loring, nor any representative of either of them, has made any representation, promise or warranty of any kind to him upon which Albro has relied relating to the business of the corporation except as set forth herein and in the books of account and other financial records of the Corporation, and in the

balance sheet and income statement for the Corporation's fiscal year ending June 30, 1973.

While this language is not a warranty by the plaintiff, it reflects the reliance which the defendants Albro placed upon the books and records made available to them by the plaintiff. Parole evidence indicates that these materials were represented to be complete and accurate, that the plaintiff, being the manager as well as shareholder of the corporation, had reason to know, as the defendants Albro did not, of the corporation's contingent liability on the note of a third party which subsequently went bankrupt, and of several delayed billing accounts and accounts payable, that these items were not reflected in the corporate books and records, and that the defendant corporation was ultimately liable thereon to the detriment of the defendants Albro, who relied upon the plaintiff's representations in purchasing his shares in the corporation.

This evidence, admissible to show fraud, *Currier* v. *Letourneau, supra,* 135 Vt. at 202, 373 A.2d at 526; *Moncion* v. *Bertrand, supra,* 98 Vt. at 337, 127 A. at 372, is sufficient to show fraudulent concealment by the omission of one possessing superior knowledge of facts material to the value of property which otherwise would be unavailable to the purchasers in the exercise of their due diligence. Compare *Currier* v. *Letourneau, supra* (sale of real estate); *Morrill* v. *Boardman,* 117 Vt. 103, 86 A.2d 146 (1952) (sale of farm); *Moncion* v. *Bertrand, supra* (sale of farm); and *Downing* v. *Wimble,* 97 Vt. 390, 123 A. 433 (1924) (sale of diseased cattle) with *Commercial Credit Plan, Inc.* v. *Beebe,* 123 Vt. 317, 187 A.2d 502 (1963) (consumer loans); and *Commercial Finance Corp.* v. *Gale,* 105 Vt. 3, 162 A. 899 (1932) (sale of corporate stock). See also, *Standard Packaging Corp.* v. *Julian Goodrich Architects, Inc., supra.*

Since the plaintiff failed to speak as required and the defendants relied on the plaintiff's representations to their detriment, the judgment on the counterclaim is without error.

*Reversed in part and affirmed in part. Remanded for the entry of a judgment consistent with the views expressed herein.*