### Esther Swett and the Vermont State Colleges Faculty Federation, AFL–CIO Local 3180 v. Vermont State Colleges

[448 A.2d 150]

No. 110-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 1, 1982

*Michael Schein* of *Hoff, Wilson, Powell & Lang, P.C.,* Burlington, for Plaintiffs.

*Paul K. Sutherland* of *Doremus, Congleton & Jenkins,* Essex Junction, for Defendant.

Billings, J. The appellant-grievant Swett appeals the dismissal of her grievance by the Vermont Labor Relations Board (Board). In 1979 the grievant applied for a teaching job at Castleton State College as a full-time instructor in nursing. The stated qualifications were "a Bachelor's Degree in Nursing and a Master's Degree required." Grievant had a bachelor's degree in nursing and a master's degree in education. In May 1979, she was hired for one year terminating after graduation 1980. In February 1980, the president of the college duly notified grievant, in writing, that her contract would not be renewed. Although no written reason was required or given, grievant was advised orally that her lack of a master's degree in nursing was the basis for nonrenewal. The president of the college testified that for the college to obtain accreditation for the four-year nursing program it was necessary for faculty to have their master's degree in

nursing. It was undisputed that the grievant had proved to be an excellent teacher and her evaluations were high. Grievant appeals her nonrenewal on three grounds: (1) it violated the collective bargaining agreement; (2) it violated the college's own rules; and (3) it was arbitrary.

We hold that the grievant's nonrenewal did not violate the collective bargaining agreement. The Labor Relations Board wrote a thorough and well-reasoned opinion with which we entirely agree. *In re Esther Swett*, 4 Vt. Lab. Rel. Bd. Op. 98 (1981). For this reason, we touch briefly on only the most salient aspects of each issue on appeal.

■■ "The provisions of a contract if clear and unambiguous must be given force and effect and be taken in their plain, ordinary and popular sense." *Cheever* v. *Albro*, 138 Vt. 566, 569, 421 A.2d 1287, 1289 (1980). The pertinent article on reappointment of the collective bargaining agreement provides as follows: "Reappointment is presumed unless there is written notification of non-reappointment no later than (a) March 1 of the first year of service. . . . In all cases of non-reappointment written notice of reasons shall be given after the third full year of service." The contract makes a distinction between faculty with less than three years of service and those with more. Under the plain language of the agreement the presumption of renewal for faculty with less than three years is terminated upon proper written notification and nothing more. As long as notice is properly given the college has total discretion in such renewal decisions. To hold otherwise is to ignore the distinction made in the contract. Here, because notice was properly given, the college did not violate the collective bargaining agreement in its decision to not reappoint the grievant.

■ Grievant further argues that the college violated article XXII of the collective bargaining agreement and its own rules by failing to accord teaching effectiveness any appreciable weight in its decision. We disagree. While the rules state that teaching is the most important activity in the evaluation process, article XXII requires only that teacher evaluations be used to "aid" in the reappointment decision. It does not require that the decision be based in whole or in part on the evaluations.

■ Because we hold that the collective bargaining agreement grants the president complete discretion in reappointment decisions for faculty with less than three years of service, we need not reach the issue of whether the decision was arbitrary.

*Affirmed.*