## Lloyd V. Sutfin v. James R. Southworth, Margaret L. Southworth and McLaughry Associates, Inc.

[539 A.2d 986]

No. 85-205

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed November 20, 1987

Motion for Reargument Denied December 14, 1987

*Putter and Unger Associates,* Montpelier, for Plaintiff-Appellant.

68

*Plante, Richards, Hanley and Gerety, P.C.,* White River Junction, for Defendants-Appellees Southworth.

*Dorothy L. Helling and Peter Joslin* of *Theriault & Joslin, P.C.,* Montpelier, for Defendant-Appellee McLaughry Associates, Inc.

**Mahady, J.** The plaintiff purchased a house located on a lot consisting of approximately one-third of an acre in Norwich, Vermont. The defendants Southworth were the sellers; the purchase was made through the defendant McLaughry Associates (McLaughry), a real estate brokerage firm. Plaintiff subsequently brought this suit sounding in fraud, constructive fraud and negligent misrepresentation. Following a trial by court, judgment was entered in favor of all of the defendants, and the plaintiff appealed.

The principal issue is the applicability of the doctrine of negative deceit to the facts of the case. We reverse as to the defendant, James Southworth, and affirm as to the defendants Margaret Southworth and McLaughry.

The trial court's findings and the evidence established the following. The plaintiff is a dentist, who also holds a degree in mechanical engineering. He intended to purchase the property for use as a residence and as a dental office. The defendants Southworth listed the property with the defendant McLaughry, at which time James Southworth showed Robert McLaughry, a principal of the defendant McLaughry, the backyard of the property where the septic tank was located and where a drain easement for the benefit of the subject property ran onto the adjoining land belonging to a neighbor, Maurice Gilson. This easement is set forth in the deed which was delivered to the plaintiff by the Southworths:

> Together with all right, title and interest in and to an open drain, as now used and presently located, which leads from the above described premises on to land now or formerly of Maurice Gilson; said open drain having been installed by Jennie R. Thompson.

In fact, the drain deposited raw sewage from the subject property directly onto Gilson's land.

Prior to the sale, James Southworth was shown the open drain site by Gilson. At that time visible effluent flowed from the drain into a ditch, and Gilson told Southworth that the latter "ought to have it fixed because it was hazardous." At no time, however, did Southworth tell the plaintiff about this situation.

Prior to the closing, the plaintiff and James Southworth attended a hearing before the local zoning board of adjustment during which concerns were expressed as to the adequacy of the septic system. Responding to these concerns, James Southworth asserted that "the leach field [had] been improved" since the time he had acquired the property. There was no leach field, and this assertion was not true.

The plaintiff caused an addendum to be added to the purchase and sale agreement. The addendum provided that the plaintiff "shall receive an acceptable evaluation of the water and septic systems on or before" a specified date.

The plaintiff subsequently made his own personal inspection of the septic system. In effect, he ran water through the system and examined the backyard. He observed no evidence of any sewage surfacing on the property. He also made an inquiry about the system to a former tenant on the property who reported no difficulties. He thereby considered the contingency set forth in the addendum to be satisfied.

The defendant McLaughry did not know whether there was a leach field on the subject property. At no time did McLaughry represent to the plaintiff that there was a leach field on the property. McLaughry was also unaware of the raw sewage being deposited on Gilson's property.

After acquiring the property, the plaintiff was unable to obtain a public building permit by reason of the drainage of raw sewage onto the adjoining property. The subject property itself proved to be unsuitable for a replacement system, and the plaintiff was required to purchase additional land to rectify the situation.

The trial court concluded that the plaintiff had relied exclusively on his own personal inspection of the property and on his interview with the former tenant. Recovery was therefore denied.

I.

Fraud "must consist of some affirmative act, or of concealment of facts by one with knowledge and a duty to disclose."

*Standard Packaging Corp.* v. *Julian Goodrich Architects, Inc.*, 136 Vt. 376, 381, 392 A.2d 402, 405 (1978) (citing *Town of Troy* v. *American Fidelity Co.*, 120 Vt. 410, 423-24, 143 A.2d 469, 477-78 (1958). "Silence alone is insufficient to constitute fraud unless there is a duty to speak." *Cheever* v. *Albro*, 138 Vt. 566, 571, 421 A.2d 1287, 1290 (1980). Where there is a duty to speak, however, Vermont has long recognized the doctrine of negative deceit. See *Crompton* v. *Beedle*, 83 Vt. 287, 75 A. 331 (1910) (a thorough discussion of the history of the doctrine by Justice Haselton) (citing *Paddock* v. *Strobridge*, 29 Vt. 470 (1856)). That doctrine has been well defined:

> "The test of liability for failure to disclose facts material to the transaction is some duty, legal or equitable, arising from the relations of the parties, such as that of trust or confidence, or superior knowledge or means of knowledge. When in the circumstances of the particular case such duty is present, failure to disclose a material fact with intention to mislead or defraud is equivalent to a fraudulent concealment of the fact and stands no better than the affirmation of a material misrepresentation."

*Cheever* v. *Albro*, 138 Vt. at 571, 421 A.2d at 1290 (quoting *Newell Brothers* v. *Hanson*, 97 Vt. 297, 303-04, 123 A. 208, 210 (1924).

Clearly the fact that raw sewage from the subject property was being deposited on an adjoining piece of land was material to the transaction. It also appeared that the defendant James Southworth had actual knowledge of the situation, but did not disclose this material fact to the plaintiff, who was obviously ignorant of the condition.

The defendants claim, and the trial court concluded, that the plaintiff nevertheless relied exclusively upon his own investigation concerning the septic system. However, when the nature of the misrepresentation or fraudulent concealment itself led the plaintiff to forebear a full inquiry, such reliance will not bar recovery. *Crompton* v. *Beedle*, 83 Vt. at 300, 75 A. at 336. "[W]hen it is established that a plaintiff has been induced to act by fraudulent misrepresentations, it is no excuse for the defendant, nor does it lie in his mouth to say, that the plaintiff might, but for his own neglect, have discovered the wrong and prevented its accomplish-

ment." *Viens* v. *Lanctot*, 120 Vt. 443, 450, 144 A.2d 711, 716 (1958).

Here, the plaintiff limited his inspection of the septic system to the subject property itself. He had no reason to inspect the adjoining property. Had the fact of the effluent running from the drain onto the Gilson property not been concealed from him by one with superior knowledge, it is unlikely the plaintiff would have relied upon his own limited inspection. Indeed, that inspection would have been superfluous.

Nor did the deed reference to the drain easement give the plaintiff notice of the true state of affairs. Indeed, there was no reason for him to believe that the drain had any relation to the septic system.

The trial court's extensive findings do not support its conclusions when considered under the doctrine of negative deceit advanced by the plaintiff. Therefore, the judgment below must be reversed as to James Southworth. There is no finding nor is there evidence that Margaret Southworth had actual knowledge of the problem or participated in the concealment; the judgment as to her must be affirmed. Accord *Cushman* v. *Kirby*, 148 Vt. 571, 575-77, 536 A.2d 550, 552-53 (1987).

## II.

The trial court found that the defendant McLaughry did not know whether there was a leach field on the property. It further found that McLaughry made no representations to the contrary. Moreover, McLaughry had no knowledge of the drain depositing raw sewage onto the adjoining property. While these facts were contested by the plaintiff, the court's well-drafted and thorough findings are supported by the evidence. As such, they must stand. V.R.C.P. 52(a); *Darken* v. *Mooney*, 144 Vt. 561, 568, 481 A.2d 407, 412 (1984). To establish fraud, the plaintiff must prove either an affirmative act of misrepresentation or the concealment of a material fact "by one with knowledge and a duty to disclose." *Standard Packaging Corp.* v. *Julian Goodrich Architects, Inc.*, 136 Vt. at 381, 392 A.2d at 405. As to McLaughry, the trial court found no such act nor did it find any such knowledge.

*Reversed and remanded as to the defendant, James R. Southworth; affirmed as to the defendants, Margaret L. Southworth and McLaughry Associates, Inc.*