BANK OF VERMONT

v.

LYNDONVILLE SAVINGS BANK & TRUST COMPANY, Roger Lussier, George Hopkins, John Campbell, Arthur Elliott, Pearl Baird and Doug Nelson.

Civ. No. 1:94–CV–228.

United States District Court, D. Vermont.

Nov. 29, 1995.

5. The damages have been calculated by multiplying $9.07 times 205 lbs., the weight of the goods as listed on the air waybill.

Deborah Anne Weiss, Burlington, VT, for plaintiff.

John C. Gravel, Burlington, VT, for Lyndonville Savings Bank.

Robert R. Bent, St. Johnsbury, VT, for George B. Hopkins and Pearl G. Baird.

Brian J. Grearson, Berlin, VT, for John Campbell.

Richard I. Rubin, Barre, VT, for Arthur B. Elliott.

Oreste V. Valsangiacomo, Jr., Barre, VT, for Douglas Nelson.

## RULING ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND SCANDALOUS MATTER AND FOR LEAVE TO AMEND ITS COMPLAINT

**(Papers 33, 36, 37, 39, 54, 55, 56, 58)**

MURTHA, Chief Judge.

Plaintiff Bank of Vermont (hereinafter "BOV") filed this complaint on August 1, 1994. *See* Amended Complaint (paper 9). In Count I of the complaint, BOV alleges defendants fraudulently concealed facts regarding an ongoing check-kiting scheme. *Id.* ¶¶ 19–25. In Count II of the complaint, plaintiff alleges defendants made false representations concerning the nature of a particular bank account at BOV and certain checks deposited in that account. *Id.* ¶¶ 26–32. In Count III, plaintiff alleges defendants wrongfully converted funds belonging to BOV. *Id.* ¶¶ 33–37. In Count IV, BOV alleges violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68. *Id.* at ¶¶ 38–43.

Plaintiff seeks recovery of damages caused by defendants' conduct totalling $2,948,-255.52. *See* Amended Complaint ¶¶ 24, 31, 36. Plaintiff is also seeking recovery of attorney's and accountant fees and discovery expenses, *see* Amended Complaint ¶¶ 23, 30, 35, as well as treble and punitive pursuant to RICO. *See* Amended Complaint at 10.

Defendants Lyndonville Savings Bank, Roger Lussier, John Campbell, and Arthur Elliot have moved to dismiss the complaint for failure to properly plead fraud according to Fed.R.Civ.P. 9(b). Defendants George Hopkins and Pearl Baird joined Lyndonville Savings Bank in its motion. *See* Notice of Joinder in Motion (paper 58). Plaintiff has moved to dismiss a counterclaim filed by Roger Lussier and to strike scandalous matter. *See* Motion to Dismiss Counterclaim and Strike Scandalous Matter (paper 37). The counterclaim charges BOV, BOV's attorneys, and Carl Kelton with racketeering and fraud. *See* Defendant's Answer Presenting Defenses and Counterclaim (paper 26) at 4.

Defendants' motions to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 9(b) are GRANTED. Plaintiff's motions for leave to amend are GRANTED. Plaintiff's motion to dismiss Lussier's counterclaim and motion to strike scandalous matter is GRANTED in part and DENIED in part.

## I. BACKGROUND

Solely for the purpose of deciding the instant motions, the Court finds the following facts: Defendant Lyndonville Savings Bank and Trust Company is a banking institution organized and with its principle place of business in Vermont. Defendant Roger Lussier

was President and Chairman of the Board of Directors of Lyndonville Savings. Defendants George Hopkins, John Campbell, Arthur Elliott, Pearl Baird, and Doug Nelson were members of the Board of Directors of Lyndonville Savings. Plaintiff BOV is a banking institution organized and with its principle place of business in Vermont.

According to plaintiff's amended complaint, Carl E. Kelton held a checking account at Lyndonville Savings Bank in the name of Charlie Kelton's Chevrolet Oldsmobile, Inc. Kelton used this account to operate a criminal check-kiting scheme between Lyndonville and other banks in the area. The scheme involved drawing checks against insufficient, uncollected, or non-existent funds to create false or fraudulent account balances. *See* Amended Complaint ¶¶ 5, 6.

During the operation of the alleged scheme, Mr. Kelton opened a checking account at Bank of Vermont in the name of Charlie Kelton's Chrysler Plymouth Dodge of Brattleboro, Inc. BOV alleges Kelton claimed the purpose of the account was business, when, in fact, it was to kite checks. *See* Amended Complaint ¶ 10.

Plaintiff alleges defendants assisted Kelton in the execution of the check-kite. According to plaintiff, defendants "knowingly concealed and disguised the existence of the check-kiting scheme, failed to report it to bank regulators, and intentionally allowed the amount of money in the kite to increase." Amended Complaint ¶ 7. Plaintiff alleges defendants arranged for Lyndonville Savings to charge Kelton interest for the use of Lyndonville funds to cover overdrafts created by the kite. According to plaintiff, in July 1988, defendants arranged for the kite to end, causing BOV approximately $3 million in overdraft losses. *See* Amended Complaint ¶ 12.

## II. DISCUSSION

When reviewing a complaint for failure to plead fraud with particularity, plaintiff's allegations must be taken as true. *See, e.g., Luce v. Edelstein*, 802 F.2d 49, 52 (2d Cir.1986). "The court must read the complaint generously and draw all inferences in favor of the pleader." *E.g. Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989).

Fed.R.Civ.P. 9(b) states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Second Circuit has adopted a strictly enforced pleading requirement under Rule 9(b). *See Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990); Arthur F. Mathews, Andrew B. Weissman, John H. Sturc, Civil RICO Litigation § 9.02 (2d ed. 1992). The purpose of the pleading requirement is to give notice to defendants, to eliminate complaints filed only for discovery purposes, and to protect defendants' reputations from frivolous lawsuits. *See, e.g., Cosmas v. Hassett*, 886 F.2d at 11.

An allegation of fraud must specify the time, place, speaker and content of the misrepresentation. *See Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir.1990); *Cosmas v. Hassett*, 886 F.2d at 11; *Luce v. Edelstein*, 802 F.2d at 54. Any claim of fraud based on information and belief must include a statement of facts on which the belief is founded. *See Wexner v. First Manhattan Co.*, 902 F.2d at 172; *DiVittorio v. Equidyne Extractive Industries, Inc.*, 822 F.2d 1242, 1248 (2d Cir.1987); *Luce v. Edelstein*, 802 F.2d at 54 n. 1.

Generally, however, dates, times and places need not be pleaded with absolute precision, as long as enough information is disclosed to put the defendants on notice as to the *circumstances* of the charged misrepresentations. *Harris v. Wells*, 757 F.Supp. 171, 174 (D.Conn.1991); *see Jubran v. Musikahn Corp.*, 673 F.Supp. 108, 112 (E.D.N.Y. 1987). "Plaintiff need not plead his evidence, so long as he gives defendants notice of what they are charged with." *Ballan v. Wilfred American Educational Corp.*, 720 F.Supp. 241, 252 (E.D.N.Y.1989) (citing *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985)). Also, while the circumstances of fraud must be pled specifically, scienter may be averred generally when the complaint sets forth facts that give rise to a strong inference of fraudulent intent. *See Wexner v. First Manhattan Co.*, 902 F.2d at 172; *Ouaknine v. MacFarlane*, 897 F.2d at 80; *Cosmas v. Hassett*, 886 F.2d at 12–13.

Plaintiffs must connect the allegations of fraud to each individual defendant. *See, e.g., Luce v. Edelstein,* 802 F.2d at 54. "General allegations that defendants 'conspired' in the scheme do not sufficiently attribute responsibility for fraud to each individual defendant." *Center Cadillac v. Bank Leumi Trust Co. of New York,* 808 F.Supp. at 230 (citing *Morin v. Trupin,* 711 F.Supp. 97, 111 (S.D.N.Y.1989)).

When suing corporate directors for fraud, "no specific connection between fraudulent representations or omissions need be pleaded as to defendants who are insiders or affiliates personally participating in the statements at issue." *Karasyk v. Marc Commodities Corp.,* 770 F.Supp. 824, 829 (S.D.N.Y. 1991) (citing *DiVittorio v. Equidyne Extractive Industries, Inc.,* 822 F.2d at 1247; *Luce v. Edelstein,* 802 F.2d at 55). However, "with respect to corporate outsiders, i.e. individuals serving on corporate boards of directors who have never held management positions with the company and who do not own significant amounts of corporate stock, the standard of specificity required to plead fraud under Rule 9(b) is higher." *Prostic v. Xerox Corp.,* 1991 WL 208441 *6 (D.Conn. 1991) (citing *Greenfield v. Professional Care, Inc.,* 677 F.Supp. 110, 114–15 (E.D.N.Y. 1987)).

Because plaintiff alleges Roger Lussier was President and Chairman of the Board of Lyndonville Savings Bank, he may be considered an inside director. As a result, plaintiff's complaint need not plead a specific connection between Mr. Lussier and the particular allegations set forth in the complaint. BOV, however, states John Campbell, Arthur Elliot, George Hopkins, and Pearl Baird were "directors and employees" of Lyndonville Savings. *See* Amended Complaint ¶ 4. BOV gives no indication whether these defendants held additional management positions or owned large shares of corporate stock. This Court will treat Campbell, Elliot, Hopkins, and Baird as outside directors. As a result, BOV's complaint must connect the allegations of fraud to these particular defendants.

### A. Count I: Fraudulent Concealment

The elements of fraudulent concealment in Vermont are "concealment of facts by one with knowledge, or the means of knowledge, and a duty to disclose, coupled with an intention to mislead or defraud." *Silva v. Stevens,* 156 Vt. 94, 103, 589 A.2d 852 (1991). " 'Actual fraud' is a deceitful misrepresentation or concealment with evil intent, while 'constructive fraud' is wrongdoing without bad faith." *Sugarline Assoc. v. Alpen Assoc.,* 155 Vt. 437, 444, 586 A.2d 1115 (1990) (quoting *Proctor Trust Co. v. Upper Valley Press, Inc.,* 137 Vt. 346, 354, 405 A.2d 1221 (1979)). While there is no general duty to disclose facts absent inquiry, liability for nondisclosure will arise when there is a legal or equitable duty arising out of the relations of the parties "such as that of trust or confidence, or superior knowledge or means of knowledge." *White v. Pepin,* 151 Vt. 413, 416, 561 A.2d 94 (1989) (citing *Cheever v. Albro,* 138 Vt. 566, 571, 421 A.2d 1287 (1980)).

In its complaint, plaintiff alleges the elements of fraudulent concealment. Plaintiff alleges defendants concealed the existence of, and their involvement in, Kelton's check-kiting scheme with the intent to mislead BOV. Plaintiff maintains it was not aware nor, through the exercise of due diligence, could it become aware of the true purpose of Kelton's BOV checking account. Plaintiff alleges defendants had a duty to disclose the true facts. *See* Amended Complaint ¶¶ 20–22.

However, plaintiff has failed to plead these elements with the specificity required to satisfy Rule 9(b). First, plaintiff has not stated facts upon which its beliefs are established. Second, plaintiff's complaint gives no specifics as to when these acts of concealment actually occurred. Finally, plaintiff has failed to sufficiently connect the two outside directors to the allegations. As a result, this Court finds plaintiff has not properly plead fraudulent concealment according to Rule 9(b).

### B. Count II: Fraud

Fraud in Vermont is an affirmative misrepresentation by a party with

knowledge and a duty to disclose. *See Sugarline Assoc. v. Alpen Assoc.*, 155 Vt. at 444, 586 A.2d 1115 (quoting *Standard Packaging Corp. v. Julian Goodrich Architects, Inc.*, 136 Vt. 376, 381, 392 A.2d 402 (1978)). Plaintiffs have not made out such a claim. Plaintiff charges defendants knew and intended BOV would rely upon false representations made by Kelton and the worthless checks deposited into his BOV account. *See* Amended Complaint ¶¶ 27–28. Plaintiff has not alleged defendants, themselves, misrepresented material facts. For the reasons set forth, *supra* section A, BOV has failed to allege sufficient facts to make a claim of fraudulent concealment.

### C. Count III: Conversion

 To establish a claim for conversion in Vermont, plaintiff must show defendant appropriated his or her property in exclusion and defiance of plaintiff's right or has withheld possession from the owner under claim of title inconsistent with the owner's title. *See P.F. Jurgs & Co. v. O'Brien*, 160 Vt. 294, 299, 629 A.2d 325 (1993) (citing *Economou v. Carpenter*, 124 Vt. 451, 453–54, 207 A.2d 241 (1965)). "The key element of conversion is the wrongful exercise of dominion over property of another." *P.F. Jurgs & Co. v. O'Brien*, 160 Vt. at 299, 629 A.2d 325.

 Generally, a plaintiff need not plead the tort of conversion according to Rule 9(b). *See Ames v. Uranus, Inc.*, 1993 WL 106896 *18 (D.Kan.1993); *Executive Photo, Inc. v. Norrell*, 756 F.Supp. 798, 800 (S.D.N.Y.1991); *Zucker v. Katz*, 708 F.Supp. 525, 530 (S.D.N.Y.1989). However, "[c]laims which are premised, in large part, on defendant's fraudulent conduct must also comply with Rule 9(b)." *Chemical Bank v. Shearson Lehman Brothers, Inc.*, 1992 WL 183760 *3 (S.D.N.Y.1992) (holding plaintiff properly made out a claim for conversion under 9(b) where the claim was based on fraudulent activities); *see O'Brien v. Nat'l Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991).

 Plaintiff maintains defendants' wrongful conversion of BOV funds resulted from the allegedly fraudulent conduct described in Counts I and II of the complaint.

As a result, this Court finds BOV must plead Count III according to Rule 9(b). However, plaintiff's sweeping accusations in Count III set forth no specifics about its conversion claim. *See* Amended Complaint ¶¶ 33–34. Plaintiff has not indicated when conversion took place. Plaintiff has also failed to connect the outside directors to the acts. Therefore, this Court finds BOV has failed to plead conversion with sufficient particularity.

### D. Count IV: RICO

Plaintiff alleges defendant's involvement in Kelton's check-kiting scheme amounted to bank fraud according to 18 U.S.C. § 1344. *See* Amended Complaint ¶ 39. Because acts violating section 1344 are predicate acts for RICO, *see* 18 U.S.C. § 1962(b), plaintiff maintains defendants' conduct constituted a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). *See* Amended Complaint ¶ 41.

18 U.S.C. § 1344 defines bank fraud as engaging in or attempting to engage in a scheme to defraud a financial institution or to obtain money, funds, credits, assets, securities, or any other property owned by a financial institution through false or fraudulent pretenses. 18 U.S.C. 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate ... commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity

18 U.S.C. § 1961(4) defines an enterprise as "individual partnership, corporation, association, or other legal entity."

 When the predicate acts of a racketeering charge are acts of fraud, these acts must be pled according to Rule 9(b). *See Morrow v. Black*, 742 F.Supp. 1199, 1203 (E.D.N.Y.1990); *Gregoris Motors v. Nissan Motor Corp.*, 630 F.Supp. 902, 912 (E.D.N.Y. 1986). Plaintiff has failed to allege the predicate acts of bank fraud with the particularity required by Rule 9(b). As stated *supra*, plaintiff has not indicated when the particular acts of fraud or conversion took place and which of the outside directors were involved.

In light of these facts, this Court finds plaintiff has not stated its RICO claim with sufficient particularity.

### E. Leave to Re–Amend

■ Because this Court has found plaintiffs allegations have not been plead with the particularity required by Rule 9(b), defendants' motions to dismiss the complaint are granted. However, this Court recognizes "[c]omplaints dismissed under Rule 9(b) are 'almost always' granted leave to amend" unless plaintiffs have "already had one opportunity to plead fraud with greater specificity." *E.g. Luce v. Edelstein,* 802 F.2d at 56. Accordingly, BOV shall have leave to amend its complaint.

### F. Motion to Dismiss Counterclaim and Motion to Strike

In his answer, defendant Roger Lussier counterclaimed against Carl Kelton, BOV's law firm Saxer, Anderson, Wolinsky & Sunshine ("SAWS"), and BOV itself. *See* Defendant's Answer Presenting Defenses and Counterclaim at .4. The counterclaim charges the aforementioned parties with racketeering and fraud. *See id.*

■ BOV and SAWS have moved to dismiss the counterclaim on the grounds that SAWS is not a party to this action and has not been served as a third party. *See* Motion to Dismiss Counterclaim and to Strike Scandalous Matter. According to Fed.R.Civ.P. 13(a), (b), a defendant may only state a counterclaim against an opposing party. Because SAWS has not been served with a summons as a third party to this lawsuit, its motion to dismiss defendant's counterclaim is granted without prejudice. This dismissal shall not effect the applicability of the counterclaim to any party other than SAWS.

■ BOV and SAWS have also moved to strike the fifth defense set out in Lussier's answer on the grounds the allegations are scandalous. *See* Motion to Dismiss Counterclaim and to Strike Scandalous Matter. This defense states SAWS "erroneously and with gross incompetence" advised BOV it would not have to pay any money in connection with the Kelton bankruptcy. *See* Defendant's Answer Presenting Defenses and Counterclaim at 4.

Fed.R.Civ.P. 12(f) states "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In order to succeed on a motion to strike, "it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5A Wright & Miller, Federal Practice and Procedure § 1380 (2d ed. 1990). This Court cannot conclusively state Lussier's fifth defense is wholly immaterial to the dispute at the bar. As a result, the motion to strike is denied.

## III. CONCLUSION

Defendants' motions (papers 33, 36, and 39) to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 9(b) are GRANTED. Plaintiff shall have leave to amend its complaint to come into compliance with Rule 9(b) on or before December 15, 1995. Plaintiff's motion (paper 37) to dismiss Lussier's counterclaim against SAWS and motion to strike scandalous matter is GRANTED in part and DENIED in part.

SO ORDERED.