*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-172

OCTOBER TERM, 2013

| | |
|---|---|
| Kayla Eaton and Robert Eaton | APPEALED FROM: |
| | |
| | Superior Court, Rutland Unit, |
| v. | Civil Division |
| | |
| | |
| Cleary, Shahi & Aicher, Attorneys and | DOCKET NO. 100-2-12 Rdcv |
| David Cleary and Thomas Aicher, Individually | |
| | Trial Judge: Nancy Corsones |

In the above-entitled cause, the Clerk will enter:

Plaintiffs Kayla and Robert Eaton's lawsuit against Ms. Eaton's former employer for sexual assault was dismissed for lack of prosecution. Plaintiffs then filed a complaint against the attorneys who represented the employer in the underlying action, defendants David Cleary and Thomas Aicher, alleging fraud, negligence, and other misconduct. The trial court dismissed the complaint, finding no duty of care, and also denied a motion to amend the complaint generally and to add a claim of defamation. Plaintiffs have filed a pro se appeal. We affirm.

This is the second appeal to reach the Court in this matter. Eaton v. Prior, 2012 VT 54, 192 Vt. 249, concerned a lawsuit by plaintiffs against Leroy Prior, the licensed polygraph examiner who was retained to conduct a polygraph examination of plaintiff Kayla Eaton and her former supervisor in plaintiffs' underlying action for sexual assault. We affirmed the trial court's dismissal of plaintiffs' claims against Prior for emotional distress as barred by the three-year statute of limitations applicable to actions for personal injuries, but reversed and remanded to determine whether the complaint stated a claim for economic harm governed by the six-year statute of limitations. Id. ¶ 23.

In addition to their lawsuit against the polygraph examiner, plaintiffs also filed two other complaints following the dismissal of the underlying action, one against their former attorney, and this action against the attorneys who represented the defendant employer in the underlying action. Although the claims in the pro se complaint are difficult to parse, with many repetitive and overlapping allegations, plaintiffs' complaint essentially alleged that defendants intentionally and fraudulently, or negligently, failed to disclose certain information about the selection of the polygraph examiner, the appropriateness of the use of a polygraph in a case involving sexual assault, the procedures to be followed and the use of the polygraph result.

Defendants moved to dismiss for failure to state a claim. The trial court held a hearing in October 2012, and issued a written decision granting the motion on January 16, 2013. The court ruled that defendants, as the lawyers for plaintiffs' adversary in the underlying action, owed no duty of care or duty to disclose to plaintiffs. The court also ruled that if it viewed plaintiffs'

allegations as alleging fraud, defendants also had no duty to disclose the information plaintiffs allege was withheld. Further, the court concluded that plaintiffs had failed to show any causal connection between defendants' alleged fraud or negligence and the dismissal of the underlying suit.

On January 30, 2013, two weeks after the order granting defendants' motion to dismiss, the court entered a judgment of dismissal. On the same day, plaintiffs filed a combined motion for reconsideration and motion to amend the complaint, generally rewording the language and adding theories based on prior allegations and adding a claim for defamation against attorney Aicher. The proposed amendment was supported by an affidavit from plaintiffs' former attorney, prepared several months earlier in October 2012, recounting a conversation in which attorney Aicher made the alleged defamatory statements. The trial court denied both motions, concluding that plaintiffs failed to identify any new facts or law warranting reconsideration, and that the motion to amend was untimely. This pro se appeal followed.

Like the complaint, plaintiffs' arguments are difficult to fully itemize. They appear to be in three basic categories: (1) the court erred in granting the motion to dismiss; (2) the court issued the judgment order prematurely; and (3) the court erred in denying the motion to amend.

Starting with the arguments in the first category, in reviewing a Rule 12(b)(6) motion to dismiss, we assume that all factual allegations in the complaint are true, and will not uphold a dismissal unless it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief. Wharton v. Tri-State Drilling & Boring, 2003 VT 19, ¶ 10, 175 Vt. 494 (mem.). The bulk of the complaint alleges fraudulent non-disclosure or negligence. In either case the existence of a duty of care is an essential element of such claims, and its existence is generally a question of law for the court to resolve in the first instance. Hedges v. Durrance, 2003 VT 63, ¶ 6, 175 Vt. 588 (mem.). The trial court here was correct in finding the absence of such a duty. The general rule "is that an attorney owes a duty of care only to the client, not to third parties," Bovee v. Gravel, 174 Vt. 486, 487 (2002) (mem.), and we have held that this rule applies with particular force "where, as here, the third party is the client's adversary who is also represented by her own counsel in the proceedings." Hedges, 2003 VT 63, ¶ 6; see also Lay v. Pettengill, 2011 VT 127, ¶ 17, 191 Vt. 141 (finding no basis to impose duty of disclosure on opposing counsel). Although there are some exceptions to this rule, they generally involve situations where the plaintiff "is an intended third-party beneficiary" of the attorney-client relationship. Hedges, 2003 VT 63, ¶ 7. Such a relationship was neither alleged nor shown in plaintiffs' complaint. Accordingly, we find no error in the order of dismissal based on the absence of a duty of care.

We note that we must find a duty to disclose even if we view the action as one of intentional fraud or deceit. Sutfin v. Southworth, 149 Vt. 67, 69-70 (1987). Plaintiffs' complaint describes defendants' actions as a fraud on the court, apparently because of the stipulation that the polygraph examination results could be offered in evidence. We have set a very high bar for what can be considered a fraud on the court: "egregious misconduct evidencing . . . an unconscionable and calculated design to improperly influence the court." Godin v. Godin, 168 Vt. 514, 519 (1998). In this case, we need not decide whether defendants' alleged misconduct could have reached that level because the polygraph evidence was never offered in court, as the underlying case was dismissed for failure to prosecute.

Plaintiffs also appear to argue that the court failed to address their allegation that defendants breached the covenant of good faith and fair dealing implied in every contract, Carmichael v. Adirondack Bottled Gas Corp., 161 Vt. 200, 208 (1993), or tortiously interfered with contract. Absent any contractual relationship in this case, we find no merit to the allegation of breach of covenant. To the extent we can understand the allegation of tortious interference with contract, the contract was between plaintiffs and their lawyer, who withdrew after the polygraph examination. While the withdrawal may have occurred as a result of the polygraph report, there is no allegation that defendants intentionally and improperly brought about this result, as required for the tort. See Kollar v. Martin, 167 Vt. 592, 593 (1997) (mem.).

In addition, plaintiffs appear to suggest that they stated a valid claim for intentional infliction of emotional distress. Such a claim "can be sustained only where the plaintiff demonstrates outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 10, 184 Vt. 1 (quotation omitted). Although the standard for sustaining a dismissal motion is liberal, plaintiffs' complaint provides no coherent factual basis for sustaining such a claim; indeed, the claim is difficult even to discern, which may explain the trial court's failure to consider it. In their brief, however, under the caption "intentional infliction of emotional distress," plaintiffs state that "polygraphing a victim would retraumatize a victim reliving the event as not truthful." To the extent that this is the theory underlying the claim, we note that it is undisputed that the polygraph examination came as a result of an agreement, and not a direction from defendants. Accordingly, we find no error.

As to the second category of claims, we recognize that the court entered judgment before the time for filing objections to the "form of judgment" had expired under V.R.C.P. 58(d) (providing for the filing of objections within five days of service). However, we discern no prejudice to plaintiffs as a result. Beyond plaintiffs' argument that the court should not have dismissed the complaint, there is no substantive objection to the form of judgment. Although the court denied the motion to amend as untimely, having been filed after the entry of judgment, the same result would have followed based on the fact that it was filed weeks after the order of dismissal and was predicated on an affidavit executed months earlier. See Perkins v. Windsor Hosp. Corp., 142 Vt. 305, 313 (1982) (observing that, although amendments are generally to be liberally allowed, courts may properly consider "undue delay" in seeking amendment).

This is also a large part of the answer to the third category of claims—that the court erred in denying the motion to amend the complaint. As we have affirmed the court's dismissal of the complaint, the motion was meritless. We recognize that the amended complaint would have better stated plaintiffs' claims—for example, the claim for intentional infliction of emotional distress—but we see no difference in the result. The addition of the defamation claim was untimely because it was based on an affidavit that was dated before the hearing on the motion to dismiss. Accordingly, we find no abuse of discretion in denying the motion to amend.

3

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice (Ret.),
Specially Assigned